UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Eric L. Christian,<br><br>                    Plaintiff,<br><br>     v.<br><br>United States of America,<br><br>                    Defendant. | Case No. 2:24-cv-00839-JAD-DJA<br><br>**Order** |

    Pro se Plaintiff Eric L. Christian filed an application to proceed *in forma pauperis*.  (ECF No. 1).  However, Plaintiff's application has inconsistent information.  The Court thus denies Plaintiff's application without prejudice.

    Plaintiff has also filed certain documents on an *ex parte* basis.  (ECF Nos. 1-3, 3).  But Plaintiff has not provided a reason for doing so.  The Court thus directs the Clerk's Office to remove the *ex parte* designation from these documents and to unseal them.

    **I.**    **Plaintiff's *in forma pauperis* application.[1]**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status."  *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but

---

[1] Plaintiff has also filed a document titled "notice of leave to proceed" (ECF No. 4) and one titled "notice of completion form" (ECF No. 5).  It is not clear what relief, if any, Plaintiff seeks through these filings.  It appears that Plaintiff may be informing the Court that he was granted leave to proceed without paying the filing fee in other cases.  But Plaintiff has not cited to, and the Court is not aware of, any authority allowing him to proceed without paying the filing fee in one case just because he has done so in another.

he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application contains unclear and contradictory information. Plaintiff claims to make no money, have no bills, have no assets, and have no debts or financial obligations. However, in response to question 7—which asks for the names or initials of all persons who are dependent upon the applicant for support, the applicant's relationship with each person, and how much the applicant contributes to their support—Plaintiff lists L.M.A. as being a dependent. Plaintiff does not completely answer question 7, however, because he does not describe his relationship with L.M.A. or how much he contributes to L.M.A.'s support. And Plaintiff's claim to have a person who is dependent upon him for support is inconsistent with his claims to make no money and have no bills.

Given these contradictions, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not

applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future. Plaintiff must also describe his relationship with L.M.K. and how much he contributes to L.M.K.'s support.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

## II.   Plaintiff's *ex parte* documents.

Plaintiff has filed two documents as *ex parte* documents. (ECF Nos. 1-3, and 3). But Plaintiff has neither articulated the rule that permits *ex parte* filing nor explained why he has filed these documents *ex parte* as required by Local Rule IA 7-2(b).[2] The Court will thus direct the Clerk's Office to remove the *ex parte* designation from these documents and to unseal them.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 1, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[3]

---

[2] The Local Rules for the United States District Court for the District of Nevada can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

[3] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to remove the *ex parte* and sealed designations from the documents filed at ECF No. 1-3 and ECF No. 3.

DATED: May 30, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE